## Wasilewski v. Wasilewski

*Theodore L. Krohn,* for plaintiff.
*William R. Keller,* for defendant.

CAPPELLINI, *J.,* October 8, 1986—

### NATURE OF PROCEEDINGS

This matter is before the court on plaintiff's petition for bifurcation of the divorce claim.

## HISTORY AND FACTS

Plaintiff commenced a divorce action on September 21, 1984, seeking equitable distribution of property and custody under section 201(c) of the Divorce Code. Defendant filed a counterclaim seeking a divorce under section 201(d) of the Divorce Code, together with claims for alimony, equitable distribution, support and custody. Both parties allege that their marriage is irretrievably broken and that they have lived separate and apart for a period in excess of three years. Thereafter, plaintiff submitted the instant petition for severance of the divorce claim from the remaining unresolved ancillary claims.

## DISCUSSION AND LAW

The issue to be addressed by this court is the propriety of severing economic claims from divorce claims in the above-captioned matter. The new divorce code provides in pertinent part:

"In the event that the court is unable for any reason to determine and dispose of the matters provided for in this sub-section within 30 days after the master's report has been filed, it may enter a decree of divorce or annulment. . . ." Act of April 2, 1980, P.L. 63, §401, 23 P.S. §401(b). Similarly, the Pennsylvania Rule of Civil Procedure concerning court hearings in divorce or annulment actions states:

"(c) The court need not determine all claims at one time but may enter a decree adjudicating a specific claim or claims." Pa.R.C.P. 1920.52(c), adopted June 27, 1980, effective July 1, 1980.

The preceding language demonstrates a legislative awareness that situations could arise in which a single order adjudicating all claims would not suffice. It is clear, therefore, that the intent of the legislature is to permit bifurcation. However, there is no

requirement which mandates bifurcation nor obligates the court to find clear and compelling necessity before it bifurcates a proceeding. Wolk v. Wolk, 318 Pa. Super. 311, 464 A.2d 1359 (1983).

In light of the antecedent discussion, it is obvious that the decision to bifurcate, though permissible, should not be made pro forma. Rather, such a determination should be made only after the disadvantages and the advantages have been carefully explored and analyzed.

In reviewing the facts in the instant case, it is our finding that the consequences of bifurcating the case will be of greater benefit than not bifurcating. The facts in the instant case that persuade this court to grant the petition to bifurcate are as follows:

1. The parties have been separated for a period in excess of three years.

2. The court finds that the ancillary claims have become protracted due to the difficulty in valuation and disposition of the assets and inability of the parties to agree to an equitable distribution thereof.

Based on the foregoing facts and the hostile feelings and ill will between the parties, it will undoubtedly be the case that the settlement of the ancillary claims will become protracted even further and continue for a substantial period of time. Thus, it is this court's finding that the possible disadvantages to defendant as a result of a decision to bifurcate are outweighed by the obvious advantage to both parties in achieving a speedy resolution of the divorce issue so as to permit the parties to quickly begin the task of restructuring their lives.

## ORDER

It is hereby ordered, adjudged and decreed that plaintiff's petition for bifurcation of the divorce claim from other ancillary claims is hereby granted.